UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MANUEL SILVAS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO.:  2:03-CV-450-PRC ) |
| ROY DOMINGUEZ, Lake County Sheriff, | ) ) ) ) |
| Defendant. | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND
OPINION AND ORDER FOR ENTRY OF FINAL JUDGMENT**

This case came before the Court for a bench trial on March 24, 2006, on the allegations of Plaintiff Manual Silvas, Jr. ("Silvas") in his Amended Complaint, and the Answer filed by Defendant Roy Dominguez, as Sheriff of Lake County, Indiana ("Dominguez").  Silvas appeared in person, *pro se*, and the Defendant appeared by counsel John M. Kopack.  Silvas testified on his own behalf and offered one exhibit, consisting of newspaper articles, which were admitted into evidence over the objection of the Defendant for the limited purpose of clarifying Silvas's testimony. At the close of Silvas's case-in-chief, the Defendant moved for judgment against Silvas on all claims pursuant to Federal Rule of Civil Procedure 52(c), and that motion is herein granted.

After hearing all of the Plaintiff's evidence, taking into account the credibility of the witnesses, considering the parties' pleadings, and the exhibit admitted into evidence for a limited purpose, the Court now makes its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) and orders entry of final judgment.

1

**FINDINGS OF FACT**

1. A Complaint was filed by Silvas on October 24, 2003, in which Billy Galloway, Michael Silvas Jr., Charles Aaron and Anthony Flores joined Silvas as plaintiffs alleging "class action" claims against the Sheriff of Lake County, Indiana for violation of their civil rights by the collection of a $25.00 "processing fee" at the time of or during their incarceration at the Lake County Jail.

2. On March 12, 2003, District Court Judge Phillip P. Simon entered an Order dismissing Plaintiffs Billy Galloway, Michael Silvas Jr., Charles Aaron and Anthony Flores, without prejudice to their right to refile individual complaints against Sheriff Dominguez for collection of the $25.00 processing fee.

3. On March 16, 2004 Judge Simon entered an Order granting Silvas the right to proceed in forma pauperis and on June 7, 2004, Silvas filed his Amended Complaint.

4. Sheriff Dominguez filed an Answer with Affirmative Defenses on August 28, 2004, and on November 22, 2004, this cause was reassigned to Magistrate Judge Paul R. Cherry pursuant to full consent of all parties.

5. On July 14, 2005, the court conducted a settlement conference with all parties and, after impasse was reached, this matter was scheduled for a bench trial by agreement of all parties.

6. On January 29, 2003, Silvas was arrested and incarcerated at the Lake County Jail in Crown Point, Indiana for operating a motor vehicle while being an habitual traffic offender. After this arrest, Silvas was charged with and pled guilty to a felony in Lake County Criminal Court Case No. 45G02-0301-FC-10.

7. Silvas received a seven (7) year sentence for his felony conviction and remained in the Lake County Jail from January 29, 2003 through July 10, 2003, when he was transferred to the Indiana Department of Correction.

8. Silvas was an inmate with the Indiana Department of Correction when he filed the Complaint in this matter and remained incarcerated until his release in the late fall of 2005.

9. When Silvas was booked into the Lake County Jail on January 29, 2003, he was charged a $25.00 "processing fee" pursuant to county ordinance and this amount was collected from his commissary account by the Lake Count Sheriff pursuant to the county ordinance.

10. During his booking process at the Lake County Jail, Silvas saw a copy of the ordinance imposing the processing fee that was posted in the booking area and also received a bound copy of of the Lake County Jail Handbook.

11. Silvas alleged in his Complaint there was no grievance procedure in place during his incarceration at the Lake County Jail and this allegation was denied by the Defendant.

12. Silvas alleged in his Complaint he did not file a grievance concerning the processing fee and this factual assertion was admitted by the Defendant.

13. During the trial, Silvas testified that he made a mistake in his Complaint in alleging there was no grievance procedure in place at the Jail and also recanted the allegation in his Complaint that he never filed a grievance; however, he cannot recall when he filed his grievance nor can he produce a copy of the grievance form he allegedly filed.

14. The Court gives Silvas the benefit of the doubt and finds that he did file some type of grievance concerning the $25.00 booking fee while he was an inmate in the Lake County Jail.

15. The Court also finds that Silvas had available state court remedies to seek recovery of his $25.00 booking fee by filing a state action for conversion, or other similar relief, against the Sheriff or Lake County for recovery of the $25.00 processing fee charged against his commissary account but did not avail himself of these remedies.

**CONCLUSIONS OF LAW**

Because Silvas alleges violations of his constitutional rights for which he may bring suit pursuant to 42 U.S.C. § 1983, the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2). To the extent, if any, that Silvas is alleging that the removal of funds from his commissary account was a conversion under Indiana tort law, the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Federal Rule of Civil Procedure 52(c) provides:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law . . . .

In a bench trial, the court is authorized by Rule 52(c) to weigh the evidence at the close of the plaintiff's case and enter judgment against the plaintiff, as a matter of law, if the plaintiff fails to prove his case. *See Ortloff v. United States,* 335 F.3d 652, 660 (7th Cir. 2003*); see also Fillmore v. Page,* 358 F.3d 496, 502 (7th Cir. 2004).

Silvas filed his Prisoner's Complaint under 42 U.S.C. § 1983 alleging that the Sheriff of Lake County violated his 14th Amendment rights by collecting a $25.00 inmate "processing fee" while he was incarcerated at the Lake County Jail.

"[T]he deprivation by state [or municipal] action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. *Gable v. City of Chicago,* 296 F.3d 531, 539 (7th Cir. 2002). The Court finds that Silvas had an adequate state court post-deprivation remedy to recover his $25.00 processing fee but took no action to avail himself of this remedy; Silvas could have sued in state court for recovery of his $25.00 processing fee. *See* Ind. Code § 35-43-4-3; *Lee Tool & Mould, Ltd. v. Ft. Wayne Pools, Inc.,* 791 F.2d 605, 608-09 (7th Cir. 1986) (defining

4

elements of conversion under Indiana law). Accordingly, the Court grants the Defendant's FRCP 52(c) motion, as Silvas does not have a federal claim for the denial of property without due process. *See Wynn v. Southward,* 251 F.3d 588, 592-93 (7th Cir. 2001) (holding that the district court properly dismissed the plaintiff's Fourteenth Amendment claims for deprivation or destruction of personal property as plaintiff had an adequate post-deprivation remedy in the Indiana Tort Claims Act and no more process was due); *Hossman v. Spradlin,* 812 F.2d 1019, 1023 (7th Cir. 1987) (holding that the Indiana Tort Claims Act provides a constitutionally adequate remedy to redress property loss caused by a state officer and avoids the appellant's claim that he was intentionally deprived of his property without due process of law).

## CONCLUSION

For the reasons above, the Court **DIRECTS** the Clerk of Court to **ENTER FINAL JUDGMENT** in favor of the Defendant Roy Dominguez, in both his individual and official capacity as Sheriff of Lake County, Indiana, and against the Plaintiff, Manuel Silvas, Jr., who shall take nothing by way of his Complaint.

SO ORDERED this 24th day of April, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record
   *Pro Se* Plaintiff Manuel Silvas, Jr.